IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MELISSA CRIDER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. 5:09cv00058 |
| v. | ) |
| | ) |
| PILGRIM'S PRIDE CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

Before the court is defendant Pilgrim's Pride Corporation's **Motion to Dismiss and Supporting Memorandum (Dkt. #s 17 and 18)**, filed on June 27, 2011, and *pro se* plaintiff's **Motion to Continue (Dkt. # 21)**, filed on July 26, 2011, in response to defendant's motion. The court held a hearing regarding defendant's motion on October 18, 2011. Because it is clear that plaintiff, on notice of the obligation to file a proof of claim in bankruptcy court, failed to do so, her pre-bankruptcy employment discrimination claims must be dismissed.

**I**

Plaintiff, an employee of defendant, filed a complaint against defendant on July 28, 2009, alleging employment discrimination. She brought her claims after the Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice of Rights on April 30, 2009, finding that plaintiff was unable to establish a violation of any statute. See Dismissal and Notice of Rights, Dkt. # 1, Ex. A. Defendant filed a Notice of Suggestion of Bankruptcy (the "Notice of Suggestion") (Dkt. # 5) on August 17, 2009, which stated that defendant filed a voluntary petition on December 1, 2008, under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court").

The Notice of Suggestion also stated that, pursuant to 11 U.S.C. § 362(a), the filing of the bankruptcy petition operates as an automatic stay of the continuation of any proceeding against defendant that commenced before the filing of the bankruptcy petition. Because plaintiff's claims arise from alleged discriminatory conduct of defendant that occurred before defendant filed for bankruptcy,[1] the Notice of Suggestion stated that plaintiff's action was subject to the automatic stay imposed by the Bankruptcy Court, which the Bankruptcy Court later converted to an injunction prohibiting the continuation of pre-petition claims. This court subsequently ordered on September 17, 2009, that the proceeding be stayed pending the conclusion of defendant's bankruptcy proceeding.[2]

Defendant filed a Status Report (Dkt. # 13) with the court on May 7, 2010, to inform the court of the status of its bankruptcy proceeding. Defendant stated that the Bankruptcy Court entered an order on December 10, 2009, (the "Confirmation Order") confirming defendant's Amended Joint Plan for Reorganization ("the Plan"). The Plan became effective on December 28, 2009, (the "Effective Date") which means that all existing claims against defendant at that time were discharged. Defendant's Status Report further stated that the Bankruptcy Court had not entered a final decree closing defendant's Chapter 11 case and that the Confirmation Order provides that the Bankruptcy Court retains jurisdiction over plaintiff's claim in this court.

Defendant filed a second Status Report (Dkt. # 16) on June 27, 2011, to notify the court that plaintiff's employment discrimination claims against defendant were still subject to the bankruptcy proceeding and that defendant would be seeking dismissal of plaintiff's complaint

---

[1] Exhibit A to plaintiff's Motion to Amend (Dkt. # 10) is a "Statement of Facts" that attempts to clarify the events upon which plaintiff bases her claims against defendant. The Statement of Facts asserts that the alleged discriminatory events and actions upon which her claims are based took place from approximately October to December 2007, before defendant filed its petition in the Bankruptcy Court on December 1, 2008.

[2] See Order, Dkt. # 11. The court's order also provided that, should the stay last longer than one year, plaintiff "shall file a notice indicating whether she still wishes to proceed as to any claims against the defendant involved in bankruptcy proceedings." Id. at 2. The record does not indicate that plaintiff ever provided any such notice to the court.

2

with prejudice for failure to comply with certain bar dates related to pre-bankruptcy petition claims against defendant. This failure to comply with bar dates is the subject of defendant's instant motion to dismiss.

Defendant's motion to dismiss states that the Bankruptcy Court entered an order (the "Bar Date Order") establishing June 1, 2009, (the "General Bar Date") as the deadline for filing proofs of claim against defendant that arose prior to the filing of defendant's bankruptcy petition on December 1, 2008, which would include plaintiff's employment discrimination claims at issue in this case. A Certificate of Service establishes that plaintiff was served with the General Bar Date Notice by mail on April 15, 2009. See Certificate of Service, Dkt. # 18, Ex. C. This notice expressly provided that any holder of a claim against defendant who fails to file a proof of claim in accordance with the Bar Date Order "is forever barred, estopped and enjoined from asserting such Claim against [defendant] (or filing a Proof of Claim with respect thereto), and [defendant] and [its] property shall be forever discharged from any and all indebtedness or liability with respect to such Claim . . . ." Bar Date Order, Dkt. # 18, Ex. B, at 6. Defendant claims, and plaintiff conceded at the hearing on the motion to dismiss, that plaintiff failed to file a proof of claim by the General Bar Date in order to preserve her employment discrimination claims in this court. Thus, because plaintiff's claims arose prior to the Effective Date of the Confirmation Order, defendant has now been discharged of those claims and argues that they should be dismissed with prejudice. Plaintiff opposes the motion to dismiss and asks that her claims be allowed to proceed. The court must determine whether it has jurisdiction to consider defendant's motion to dismiss in light of the automatic stay imposed by the Bankruptcy Court, and if so, whether plaintiff's claims should be dismissed with prejudice.

3

## II

Under § 362(a), the filing of a bankruptcy petition operates as a stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy proceeding], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy proceeding.]" 11 U.S.C. § 362(a)(1). The purpose of the automatic stay, "in addition to protecting the relative position of creditors, is to shield the debtor from financial pressure during the pendency of the bankruptcy proceeding." Winters, By and Through McMahon v. George Mason Bank, 94 F.3d 130, 133 (4th Cir. 1996). The automatic stay under § 362(a) in a Chapter 11 bankruptcy proceeding continues until the case is closed, the case is dismissed, or a discharge is granted or denied, whichever is earlier. 11 U.S.C. § 362(c)(2). The Bankruptcy Court is this case has not closed or dismissed defendant's Chapter 11 bankruptcy proceeding, so the automatic stay is still in effect unless the Bankruptcy Court has granted or denied discharge.

Pursuant to 11 U.S.C. § 1141, a bankruptcy court's confirmation of a debtor's Chapter 11 reorganization plan "discharges the debtor from any debt that arose before the date of such confirmation . . . ." 11 U.S.C. § 1141(d)(1)(A). Section 1141 also provides that "the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1141(b). Consequently, the Fourth Circuit Court of Appeals has held that "since [c]onfirmation of the [p]lan has the dual effect of revesting the debtor with title to its property and discharging the debtor from all dischargable [sic] debts, there can be no further application of the automatic stay after confirmation." United States, Dep't of the Air Force v. Carolina Parachute Corp., 907 F.2d 1469, 1474 (4th Cir. 1990) (quoting In re Herron, 60 B.R. 82, 83-84 (Bankr. W.D. La. 1986));

4

see also In re Sykes, 53 B.R. 107, 107 (Bankr. W.D. Va. 1985) ("Under § 1141(b), confirmation of a [p]lan vests all of the property of the estate in the debtor. Thus, upon confirmation, there is no longer 'property of the estate' and, under the provisions of Section 362(c)(1), the stay is terminated. Furthermore, Section 1141(d)(1)(A) provides that confirmation of a [p]lan discharges a debtor. Consequently, under Section 362(c)(2)(C), on confirmation of the [p]lan, the stay would no longer be in existence."). In this case, the Bankruptcy Court issued the Confirmation Order on December 10, 2009, which, according to § 1141, means that defendant is discharged from any debt that arose before that date and all of the property of defendant's estate is vested in it as of that date. Furthermore, pursuant to the holding in Carolina Parachute, the automatic stay under § 362(a) is no longer applicable, so this court has jurisdiction to consider defendant's motion to dismiss.[3]

### III

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). Hence, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter which, accepted as true, "state[s] a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff

---

[3] The court in Carolina Parachute noted that the debtor's reorganization plan contained a specific provision governing discharge, which provided as follows: "Entry of the Order of Confirmation of this Plan of Reorganization in these proceedings shall itself be a judicial determination of the discharge of all liabilities . . . ." Carolina Parachute, 907 F.2d at 1474 (internal quotations omitted). The court has reviewed the Plan in this matter and finds that similar language exists. Section 10.2 of the Plan provides as follows: "[U]pon the Effective Date, all existing Claims against . . . the Debtors shall be, and shall be deemed to be, discharged, terminated, and cancelled . . . and all holders of Claims . . . shall be precluded and enjoined from asserting . . . any other or further claim . . . whether or not such holder has filed a proof of Claim . . . ." The Plan, Dkt. # 13, Ex. B, at 40-41. Section 10.3 of the Plan further provides as follows: "Upon the Effective Date . . . each holder . . . of a Claim . . . shall be deemed to have forever waived, released and discharged the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, rights, and liabilities that arose prior to the Effective Date." Id. at 41.

5

to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949. When ruling on a motion to dismiss, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir.1997). While the court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

In this case, defendant argues that plaintiff's employment discrimination claims should be dismissed because plaintiff failed to file a proof of claim with the Bankruptcy Court by the General Bar Date in order to preserve those claims throughout the bankruptcy proceeding. Because plaintiff's claims arose prior to the Effective Date of the Confirmation Order, defendant has now been discharged of those claims, and they should be dismissed with prejudice. Accordingly, defendant asserts that plaintiff's complaint is unable to state a claim for relief as required by Rule 8(a). Although the relevant bankruptcy documents are not mentioned on the face of plaintiff's Complaint, the court takes judicial notice of these matters of public record in ruling upon defendant's motion to dismiss. See Anderson v. Fed. Deposit Ins. Corp., 918 F.2d 1139, 1141 n.1 (4th Cir. 1990); see also Parker v. Homestead Studio Suites Hotel, 2005 WL 3968291, at *1 (E.D. N.C. May 13, 2005), aff'd, 141 F. App'x 196 (4th Cir. 2005).

The principal purpose of bankruptcy is "to grant a fresh start to the honest but unfortunate debtor." Bosiger v. US Airways, Inc., 510 F.3d 442, 448 (4th Cir. 2007) (internal quotations

6

omitted). In a Chapter 11 bankruptcy proceeding, "successful completion of the reorganization process allows a debtor . . . to restructure its financial obligations, discharge its pre-existing debt, and emerge from bankruptcy with a new capital structure that better reflects financial reality." Id. The Fourth Circuit in Bosiger explained as follows:

> Several provisions of the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code work in unison to ensure that debtors receive a 'fresh start' after emerging from bankruptcy. First, Bankruptcy Rule 3003(c) requires that 'claimants against an estate in bankruptcy . . . file timely proofs of claim in order to participate in a reorganization.' Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995). Failure to bring forward such a claim – defined broadly as any 'right to payment,' see 11 U.S.C. § 101(5)(A) (2000) – before the claims bar date established by the bankruptcy court forfeits a claimant's right to participate in a bankruptcy reorganization. See FED. R. BANKR. P. 3003(c)(3); see also Chemetron, 72 F.3d at 346. Second, the Bankruptcy Code specifically states that a bankruptcy court's confirmation of a restructuring plan discharges 'the debtor from any debt that arose before' the confirmation of the plan. 11 U.S.C. § 1141(d)(1)(A) (2000); see also United States v. Carolina Parachute Corp., 907 F.2d 1469, 1474 (4th Cir. 1990). Third, the Bankruptcy Code further insulates a debtor from his pre-bankruptcy obligations by stating that the discharge of debts 'operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.' 11 U.S.C. § 524(a)(2) (2000). Taken together, these three provisions prevent pre-petition creditors from hounding a debtor after restructuring, ensuring that the Bankruptcy Code provides a true 'fresh start.'

Bosiger v. US Airways, Inc., 510 F.3d 442, 448-49 (4th Cir. 2007).

Plaintiff's employment discrimination claims against defendant clearly fall within the definition of "claim" pursuant to § 101(5)(A). In Holcombe v. US Airways, Inc., a former airline employee brought an employment discrimination claim against his employer–debtor, and the issue before the Fourth Circuit was whether the discrimination claim was a "claim" under § 101(5)(A) at the time the employer–debtor filed its bankruptcy petition, thus requiring the employee to file a proof of claim with the bankruptcy court in order to survive discharge. 369 F. App'x 424, 425 and 427 (4th Cir. 2010). The court applied the "conduct test" to determine

7

whether the employee's discrimination claim arose prior to the employer–debtor's bankruptcy filing. Id. at 428. The test provides that "for a claim to arise, there need not be an immediate right to payment when the predicate acts occurred pre-petition." Id. The Fourth Circuit held that "all of the important acts giving rise to [the employee's] . . . claim arose" prior to the filing of the employer-debtor's bankruptcy petition; therefore, the employee's "failure to file a proof of claim after receiving notice . . . means her claim . . . did not survive discharge." Id. at 428-29. In this case, plaintiff asserts similar employment discrimination claims against defendant and alleges that the relevant discriminatory events and actions upon which her claims are based took place from approximately October to December 2007, before defendant filed its petition in the Bankruptcy Court on December 1, 2008. See Statement of Facts, Dkt. # 10, Ex. A. Accordingly, the court finds that plaintiff's employment discrimination claims are "claims" pursuant to § 101(5)(A) for which she was required to file a proof of claim by the General Bar Date in order to survive discharge.

It is undisputed that, after being served with the General Bar Date Notice on April 15, 2009, plaintiff did not file a proof of claim with the Bankruptcy Court by the General Bar Date of June 1, 2009, as required by Rule 3003(c) in order to participate in the reorganization process. As a result, pursuant to § 1141(d)(1), plaintiff's employment discrimination claims did not survive discharge after the Bankruptcy Court's Confirmation Order on December 10, 2009, which became effective on December 28, 2009. Furthermore, pursuant to § 524(a)(2), plaintiff is enjoined from pursuing her claims in this court.

In Bosinger, the Fourth Circuit held that an employee's failure to file proof of his pre-petition claim against his employer–debtor pursuant to these bankruptcy rules and statutes meant that the employee's claim did not survive discharge. Bosinger v. US Airways, Inc., 510 F.3d

8

Case 5:09-cv-00058-MFU   Document 31   Filed 12/06/11   Page 8 of 10   Pageid#: 503

442, 449 (4th Cir. 2007). The court went on to state that "[a]lthough this alone is sufficient to foreclose [the employee's] claim, the bankruptcy court's confirmation of [the employer–debtor's] second Plan of Reorganization offers further proof that [the employee's] claim is barred" because the confirmation order specifically referenced § 1141(d) and § 524(a)(2) and the effect of those provisions on the employee's failure to file a proof of claim. Id. In this case, not only do the relevant statutory provisions and rules enjoin the continuation of plaintiff's pre-petition employment discrimination claims, but the Plan, the Confirmation Order, the Bar Date Order, and the General Bar Date Notice specifically reference § 1141(d) and § 524(a)(2) and the effect of those provisions on the plaintiff's failure to file a proof of claim.[4] The Plan, Dkt. # 13, Ex. B, at 40-41; Confirmation Order, Dkt. # 13, Ex. A, at 42-43; Bar Date Order, Dkt. # 18, Ex. B, at 6; General Bar Date Notice, Dkt. # 18, Ex. B, at 12.

Plaintiff may escape the preclusive effect of §§ 1141(d) and 524(a)(2) and her failure to file a proof of claim if she did not receive adequate notice of the requirement to file a proof of claim by the General Bar Date. The employee in Bosinger made this argument, but the Fourth Circuit found that the employer–debtor had "presented substantial evidence that it provided constitutionally sufficient notice to [the employee] that his claim to payment . . . was in danger of being discharged." Bosinger, 510 F.3d at 451. The court held that "[a] pre-existing debt can be discharged through bankruptcy only if the creditor was on notice of a debtor's bankruptcy filing and the claims bar date." Id. The notice must be "reasonably calculated, under all of the circumstances, to apprise [the party] of the pendency of the action and afford [him] an

---

[4] The Bar Date Order and General Bar Date Notice both provide an exception to the proof-of-claim requirement for liquidated and undisputed claims. These documents state that anyone whose claim is listed on the Bankruptcy Court's Schedules and (i) whose claim is not described as "disputed," "contingent," or "unliquidated," and (ii) who does not dispute the amount or nature of the claim set forth in the Schedules does not have to file a proof of claim. Bar Date Order, Dkt. # 18, Ex. B, at 4-5; General Bar Date Notice, Dkt. # 18, Ex. B, at 11. Counsel for defendant has notified the court that plaintiff's pre-petition claims against defendant are not listed in the Schedules of Assets and Liabilities in the Bankruptcy Court. As such, this exception to the proof-of-claim requirement does not apply. See Affidavit of Michael Paque, Dkt. # 30, Ex. 1.

9

opportunity to present [his] objections." Id. (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). The court in Bosinger found that the two timely letters sent to the employee notifying him of the "Chapter 11 filing date and the bar date for filing general unsecured claims" were "sufficient to establish that [the employee] received actual notice" and that the employee's general denial about receiving notice was "insufficient to overcome the substantial evidence indicating that [he] received adequate notice." Bosinger, 510 F.3d at 452. Unlike in Bosinger, plaintiff in this matter has never argued that she did not receive adequate notice of the proof-of-claim requirement and the General Bar Date, and even if such an argument were made, the court finds that the General Bar Date Notice, served on plaintiff by mail on April 15, 2009, is sufficient to establish that plaintiff received actual notice of defendant's bankruptcy filing, the requirement that she file a proof of claim, the effect of failing to file a proof of claim, and the General Bar Date. Because plaintiff did not file a proof of claim after receiving such notice, her claims have been discharged by the bankruptcy process, and she is enjoined from pursuing those claims in this court.

Accordingly, **IT IS ORDERED** that defendant's **Motion to Dismiss (Dkt. # 17)** is **GRANTED**, plaintiff's **Motion to Continue (Dkt. # 21)** is **DENIED**, and plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to plaintiff and counsel of record for defendant.

Entered: December 6, 2011

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

10